GEMCRAFT HOMES, INC.

v.

**Douglas SUMURDY, Individually and d/b/a Pacific Coast Homes, Pacific Coast Customs, Pacific Coast Custom Homes, and Pacific Coast Custom Homes, Ltd.; Warren Packer, Individually and d/b/a Pacific Coast Homes, Pacific Coast Customs, Pacific Coast Custom Homes and Pacific Coast Custom Homes, Ltd.; Pacific Coast Homes; Pacific Coast Customs; Pacific Coast Custom Homes; Pacific Coast Custom Homes, Ltd.**

Civ. A. No. S–88–135–CA.

United States District Court,
E.D. Texas,
Sherman Division.

June 7, 1988.

Ann Robins and David Ives of Leonard, Marsh, Hurt & Terry, Dallas, Tex., for plaintiff.

Michael J. Collins, Valin L. Woodward of Smith, Underwood & Hunter, John F. Booth, Norman Gundel of Crutsinger & Booth, Dallas, Tex., for defendants.

## ORDER

PAUL N. BROWN, District Judge.

The Court has before it plaintiff's Motion to Remand Case and for Rule 11 Sanctions. The resolution of this motion calls for examination of the Copyright Act of 1976, 17 U.S.C. § 101–810, with regard to the "artful pleading" and "complete pre-emption" doctrines.

## I. FACTS

Plaintiff, Gemcraft Homes, Inc., is in the business of building and selling residential homes. On March 31, 1988, plaintiff brought suit in state court against defendants, Douglas Sumurdy and Warren Packer, individually and doing business as Pacific Coast Homes. On April 27, 1988, plaintiff filed an amended complaint adding Pacific Coast Custom Homes, Ltd.,[1] as a defendant. Defendants are also in the business of building and selling residential homes.

On May 4, 1988, defendants filed a timely petition for removal in this Court. Defendants base their removal on 28 U.S.C. § 1441[2] alleging that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1338.[3] Plaintiff has filed a motion to remand asserting that its complaint is based solely on state law. Defendants have responded by asserting that plaintiff's complaint alleges all of the elements of a copyright infringement claim, therefore, the complaint arises under an Act of Congress relating to copyrights. Alternatively, defendants assert that section 301 of the Copyright Act, 17 U.S.C. § 301, has "completely pre-empted" plaintiff's state law claims, rendering the case removable.

## II. PLAINTIFF'S COMPLAINT

Plaintiff's amended state court complaint alleges that defendants Sumurdy and Packer were employed by plaintiff as sales counselors. In connection with their employment, Sumurdy and Packer each entered into an employment agreement with plaintiff. The agreement contains a clause providing that all documents, including architectural plans and customer records, are

---

1. Pacific Coast Custom Homes, Ltd., Pacific Coast Homes, Pacific Coast Customs, or Pacific Coast Custom Homes will be referred to collectively as Pacific Coast.

2. The pertinent provisions of 28 U.S.C. § 1441 provide:

   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties ....

3. 28 U.S.C. § 1338 provides in part:

   (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights .... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases.

the property of plaintiff and may not be taken or used by a departing employee.

Plaintiff alleges that Sumurdy and Packer left plaintiff's employ in January 1988 and began doing business as Pacific Coast. The complaint relates that Sumurdy and Packer have "stolen, copied, and plagiarized" plaintiff's building plans. Specifically, plaintiff asserts that Sumurdy and Packer as Pacific Coast have built homes with floor plans "virtually identical" to architectural plans plaintiff has labeled the "E129". Plaintiff asserts that defendants have also "stolen and converted" an architectural plan plaintiff has labeled the "E126" plan.

The complaint further alleges that Sumurdy and Packer have retained or taken copies of various records of plaintiff's. Included among these records were certain business forms and customer records. Plaintiff asserts that defendants are using copies of the business forms at Pacific Coast. Also, plaintiff avers that defendants have used the customer records to contact plaintiff's customers and induce them to breach contracts with plaintiff.

Plaintiff claims that the above described allegations allow it to recover for breach of contract, breach of fiduciary duty, conversion and tortious interference with contract.

## III. REMOVAL JURISDICTION

Whether this Court has subject matter jurisdiction over the present case must be decided with relation to "[t]he century-old jurisdictional framework governing removal of federal question cases from state into federal courts...." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, ——, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). A suit is removable to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has exclusive original jurisdiction over all civil actions arising under any Act of Congress relating to copyrights. 28 U.S.C. § 1338. A cause of action "arises

under" a federal law if the federal law creates the cause of action, or if "it appears that some substantial, disputed question of federal law is a necessary element of one of [plaintiff's] well-pleaded state claims...." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–13, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983).

The determination of whether an action arises under a federal law may be made only by reference to the "well-pleaded complaint" rule. *Id.* at 10, 103 S.Ct. at 2846. The rule provides that federal question jurisdiction exists only when the federal question appears on the face of plaintiff's complaint. *Id.* A necessary implication of the well-pleaded complaint rule is that federal question jurisdiction may not be based upon a federal defense to plaintiff's state law causes of action. *Id.* The rule also makes the plaintiff master of his claims and he may avoid a federal question by "exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, —— U.S. ——, ——, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

### A. Artful Pleading

An independent corollary of the well-pleaded complaint rule is the "artful pleading" doctrine. Essentially, the doctrine stands for the proposition that a plaintiff may not "defeat removal by omitting to plead necessary federal questions in a complaint...." *Franchise Tax Board*, 463 U.S. at 22, 103 S.Ct. at 2853 (citation omitted). Application of the artful pleading doctrine has generally been limited to situations in which a plaintiff's state law claims have been "completely pre-empted" by federal law.[4] *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), *Franchise Tax Board*, 463 U.S. at 22–23, 103 S.Ct. at 2853–54, *Metropolitan Life Insurance Co.*, 481 U.S. at ——, 107 S.Ct. at 1546–47; *Cf. Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981).[5]

---

**4.** Complete pre-emption is discussed in part III. B. of this opinion.

**5.** In *Moitie*, the Supreme Court endorsed the artful pleading doctrine as a "settled principle".

In the present case, defendants assert that plaintiff has pleaded all the elements of a copyright infringement claim and plaintiff's failure to invoke federal law is artful pleading. Essentially, defendants are requesting that this Court supplement the causes of actions listed in plaintiff's complaint to add copyright infringement. The Court cannot grant defendants' request.

If the artful pleading doctrine were used to recast a plaintiff's complaint based on state law into a complaint based on federal law, without relation to complete pre-emption, the plaintiff would no longer be the master of his complaint. *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Yet, the plaintiff is the master of his complaint and may rely exclusively on state law and prevent removal to federal court unless some other doctrine provides a basis for removal. In the present case, plaintiff has stated claims only under state law. This court will not hold that plaintiff has stated a claim for copyright infringement simply because it is available from the facts set out in the complaint.

### B. Complete Pre-emption

■ As previously noted, defendants also contend that plaintiff's state law claims are completely pre-empted by section 301 of the Copyright Act, 17 U.S.C. § 301. Federal pre-emption of state claims is ordinarily a defense to a plaintiff's suit and unable to support removal. *Metropolitan Life Insurance Co.*, 481 U.S. at ——, 107 S.Ct. at 1546. However, "[o]n occasion, the [Supreme Court] has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Cater-*

*pillar, Inc.*, 481 U.S. at ——, 107 S.Ct. at 2430 (quoting *Metropolitan Life Insurance Co.*, 481 U.S. at ——, 107 S.Ct. at 1547). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at ——, 107 S.Ct. at 1547 (citation omitted).

Complete pre-emption was first applied in *Avco Corp.*, 390 U.S. at 557, 88 S.Ct. at 1235, in relation to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. In that case, even though plaintiff relied solely on state law causes of action, the Supreme Court affirmed removal of the case to federal court as an action arising under the LMRA. *Id.* at 560, 88 S.Ct. at 1237. "The necessary ground of decision was that the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' ... *Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Board*, 463 U.S. at 23–24, 103 S.Ct. at 2853–54 (footnote omitted).

In *Metropolitan Life Insurance Co.*, 481 U.S. at ——, 107 S.Ct. at 1547, the Supreme Court upheld removal of state law causes of action that came within the scope of section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and were pre-empted by section 514(a) of the Act, 29 U.S.C. § 1144(a). The primary reason for extension of the *Avco* rule to ERISA actions was the explicit direction from Congress that suits to enforce rights granted to plan participants and beneficiaries under ERISA are to be regarded

(quoting 14 A Wright & Miller § 3722 at 564–66 (1976)). Although *Moitie* did not involve complete pre-emption, the use of the artful pleading doctrine was probably based on either plaintiff's previous election of a federal forum, or on the defendants' assertion of a federal res judicata defense. *See Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 760–61 (2d Cir.), *cert. denied*,

479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986), *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). However, because the present case does not raise either of the possible grounds of decision in *Moitie*, it need not be considered for purposes of plaintiff's motion to remand.

as arising under the laws of the United States in similar fashion to actions brought under section 301 of the LMRA. *Id.* at ——, 107 S.Ct. at 1547. The Court also considered the unique pre-emptive force of ERISA along with the comprehensive scheme of remedies provided by the Act, noting that the policy decisions reflected by the inclusion and exclusion of certain remedies in section 502 would be undermined if state law were left to provide additional remedies. *Id.*

■ The question for decision is whether *Avco* and *Metropolitan Life Insurance Co.* should be extended to state court actions based solely on state laws that are pre-empted by section 301 of the Copyright Act, 17 U.S.C. § 301.[6] The Copyright Act, like ERISA, provides a comprehensive scheme of remedies for violations of the exclusive rights found in 17 U.S.C. § 106.[7] Further, Congress' express intent was to preempt all state causes of action for violations of the exclusive rights found in section 106 and coming within the subject matter of copyright as specified in 17 U.S.C.

§§ 102, 103.[8] *See* 17 U.S.C. § 301. As with ERISA, the policy decisions reflected in the inclusion and exclusion of certain remedies for violations of the exclusive rights in section 106 would be frustrated if state laws were left to provide remedies which Congress rejected.

The Copyright Act may be distinguished from ERISA only because of the lack of an express statement from Congress that state causes of action pre-empted by section 301 of the Copyright Act arise under federal law in a similar fashion to actions brought under section 301 of the LMRA. Of course, Congress had little motivation to address the subject because at the time the Copyright Act was enacted, the derivative jurisdiction rule was still intact. The rule generally provided that removal jurisdiction was derivative of the state court's jurisdiction. Therefore, if a claim asserted in state court was exclusively within the subject matter jurisdiction of the federal courts, such as a claim for copyright infringement, the district court would lack removal jurisdiction because the state court

---

6. 17 U.S.C. § 301 provides in part:
   (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
   (b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to—
   (1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or ...
   (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyrights as specified by section 106.

7. Section 106 provides:
   Subject to sections 107 through 118, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;
(2) to prepare derivative works based upon the copyrighted work;
(3) to distribute copies of phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
(4) in the case of library, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and
(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.
Remedies for violations of the exclusive rights in section 106 are found at 17 U.S.C. §§ 501–510.

8. "The declaration ... in section 301 is intended to be stated in the clearest and most unequivocal language possible so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act pre-emptively ...." H.R.Rep. No. 94–1476, 94th Cong., 2d sess. 130 (1976) *reprinted in* 1976 U.S.Code Cong. & Ad.News 5659, 5746.

lacked jurisdiction in the first instance. *See Lambert Run Coal Co. v. Baltimore & Ohio Railroad,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). In 1986, 28 U.S.C. § 1441 was amended to add subsection (e)[9] which abolished the derivative jurisdiction rule.

However, congressional intent may be expressed in many ways. Congress clearly expressed the intent that issues arising under the Copyright Act be resolved solely in federal courts by granting those courts exclusive jurisdiction over all civil actions arising under any Act of Congress relating to copyrights. 28 U.S.C. § 1338(a). Exclusive federal jurisdiction, a comprehensive scheme of remedies and the express intent of Congress to act pre-emptively support the application of the complete pre-emption doctrine to state law causes of action pre-empted by section 301.[10]

### C. Pre-emption

■ A state cause of action is pre-empted by section 301 if the rights at issue come within the subject matter of copyright as set forth in sections 102 and 103, and the rights at issue are equivalent to the exclusive rights of section 106. *Crow v. Wainwright,* 720 F.2d 1224, 1226 (11th Cir.1983), *cert. denied,* 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 35 (1984).

■ This suit's implication of the copyright laws relates to the architectural plans which plaintiff alleges that it owns and defendants copied. The first part of pre-emption analysis is satisfied in this case because architectural plans fixed in a tangible medium of expression are within the subject matter of copyright as defined by

section 102 and 103.[11] *Imperial Homes Corp. v. Lamont,* 458 F.2d 895 (5th Cir. 1972), *Schuchart & Associates, Professional Engineers, Inc. v. Solo Serve Corp.,* 540 F.Supp. 928, 943 (W.D.Tex.1982).

The second part of the pre-emption analysis requires the Court to determine whether the state law rights asserted by plaintiff are equivalent to any of the exclusive rights of section 106. Professor Nimmer has described the analysis as follows:

> If under state law the act of reproduction, performance, distribution or display, no matter whether the law includes all such acts or only some, will in *itself* infringe the state created right, then such right is pre-empted. But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no pre-emption.

1 Nimmer on Copyright § 1.01[B], at 1–11–1–12 (1987) (footnotes omitted).

In the present case plaintiff has alleged breach of contract, breach of fiduciary duty, conversion and tortious interference with contract. The question now becomes whether any of the rights plaintiff seeks to protect under state law regarding the architectural plans are equivalent to the rights in section 106.

■ With regard to plaintiff's claims of conversion, plaintiff asserts defendants converted the architectural plans by copy-

---

**9.** 28 U.S.C. § 1441(e) provides:

(e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

**10.** Once found applicable, complete pre-emption permits removal if plaintiff's complaint comes within the scope of the federal cause of action and is pre-empted. *See Franchise Tax Board,* 463 U.S. at 27, 103 S.Ct. at 2854; *Metropolitan Life Insurance Co.,* 481 U.S. at ——, 107 S.Ct. at 1547; *Cf. Caterpillar, Inc.,* 481 U.S. at —— n. 4,

107 S.Ct. at 2425 n. 4 (Federal law need not provide the specific remedy plaintiff seeks. Rather, the plaintiff's complaint need only come within the scope of the federal cause of action.) However, because section 301 only preempts state laws insofar as they are equivalent to the exclusive rights within the scope of copyright set out in section 106, a finding of pre-emption necessarily means the claims are within the scope of the federal cause of action.

**11.** Section 102 provides copyright protection to works of authorship including "pictorial, graphic, and sculptural works." 17 U.S.C. § 102.

ing them and using them to build homes.[12] Texas defines conversion as the wrongful exercise of control over the property of another, to exclusion of or inconsistent with the true owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444 (Tex. 1971). As plaintiff has framed its conversion claim, the mere act of copying the architectural plans would infringe the state law right. The rights plaintiff seeks to protect by its conversion claim are equivalent to the rights protected by section 106. Therefore, plaintiff's conversion claim is pre-empted by section 301. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 201 (2d Cir.1983), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985), *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 86, 93 L.Ed.2d 39 (1986).

■ Further, to the extent plaintiff's claims for tortious interference with contract complain that plaintiff has lost benefits flowing from its exclusive rights to the architectural plans, the cause of action would be pre-empted.[13] In this type of claim for tortious interference with contract as well as a claim for copyright infringement, it is the act of unauthorized copying which causes the violation. "The enjoyment of benefits from derivative use is so intimately bound up with the right itself that it could not possibly be deemed a separate element." *Harper & Row Publishers, Inc.*, 723 F.2d at 201 (citation omitted). The fact that intentional interference with contract requires elements of knowledge of the existing contract and intention-al interference with the contract, *Verkin v. Melroy*, 699 F.2d 729, 733 (5th Cir.1983) (applying Texas law), in addition to copying the plans merely means that the tortious interference claim is narrower than a copyright infringement claim. *Harper & Row Publishers, Inc.*, 723 F.2d at 201.

## CONCLUSION

■ Plaintiff's conversion claims and tortious interference with contract claim, to the extent it complains that plaintiff has lost benefits flowing from its exclusive right to use the architectural plans, are pre-empted. Further, Congress has so completely pre-empted state law causes of action coming within section 301, that these claims necessarily arise under federal law for purposes of the well-pleaded complaint rule. Therefore, plaintiff's conversion and tortious interference claims, to the extent noted above, are properly removable. Plaintiff's remaining claims are removable under this Court's pendent jurisdiction.

It is, therefore, ORDERED that plaintiff's Motion to Remand Case and For Rule 11 Sanctions be, and the same is hereby, DENIED.

---

**12.** Plaintiff's complaint does not appear to allege that defendants converted the tangible physical property. Conversion of the tangible physical property is outside the scope of section 106. *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984). In the present case, plaintiff does not seek to recover for the physical deprivation of the architectural plans. Rather, plaintiff seeks to recover for damages from their reproduction and use. *See Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 806, 93 L.Ed.2d 39 (1986). Plaintiff's complaint asserts that defendants are building homes with floor plans "virtually identical" to plaintiff's plans. All indications are that plaintiff's claims are attacking defendants' copying

and subsequent use of plaintiff's plans and not physical deprivation of the plans.

Further, there is no allegation that defendants derived their plan from one of plaintiff's actual buildings. This allegation would not be pre-empted because the building is not within the subject matter of copyright. *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 914 (11th Cir.1986).

**13.** It is unclear to the Court the exact basis for plaintiff's interference with contract claims. Of course, to the extent plaintiff's tortious interference claims relate to matters other than plaintiff's exclusive right to the use of the architectural plans, it would not be pre-empted.