**IN DEFENSE OF ANIMALS,**
**et al.[1], Plaintiffs,**

v.

**CLEVELAND METROPARKS**
**ZOO, et al., Defendants.**

**No. 91CV2169.**

United States District Court,
N.D. Ohio, E.D.

Nov. 5, 1991.

1. During the hearing on October 31, 1991, the Court orally granted the plaintiffs' motion for substitution, thus dropping the Animal Protective League as a party and adding the Geauga Humane Society.

Gloria Rowland Homolak, Friedman & Associates, Cleveland, Ohio, for plaintiffs.

Robert C. Petrulis, Diane P. Chapman, Betsy Ann Breese, Baker & Hostetler, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

BATCHELDER, District Judge.

### I. Introduction and Background

This case involves a challenge by several organizations to the proposed move of Timmy, a lowland gorilla, from the Cleveland Metroparks Zoo to the Bronx Zoo in New York for the purposes of mating Timmy with female gorillas at the Bronx Zoo.[2] Timmy's move is part of a nationwide Species Survival Program for lowland gorillas, a program in which zoos from around the nation cooperate in an effort to perpetuate the species. (Defendants' Memorandum in Opposition to Motion for Temporary Restraining Order, at 2–6; *see* Complaint ¶ 8).

On October 31, 1991, this matter came before the Court for an oral hearing on two motions, the plaintiffs' motion for a temporary restraining order and defendants' motion to dismiss. Since the motion to dismiss addresses the Court's power to hear

the claims before it, that motion must be ruled upon as a threshold matter.

Plaintiffs filed this lawsuit on October 25, 1991, in the Court of Common Pleas of Cuyahoga County, and moved for a temporary restraining order. That same day, the defendants removed the case to this Court, claiming that any state law causes of action are preempted by federal law. Hearing on the motion for a temporary restraining order was scheduled for October 31, 1991. On October 30, 1991, the defendants filed a motion to dismiss, and later that day the plaintiffs filed a brief in opposition.

Plaintiffs' complaint contains three claims. In essence, they are that (1) moving Timmy will result in needless pain and risk to Timmy, who is an endangered species; (2) moving Timmy will result in harm to the plaintiffs who monitor Timmy's treatment; and (3) moving Timmy will result in harm to the plaintiffs' interests as taxpayers.

### II. The Court's Jurisdiction

Plaintiffs contend that this case was improperly removed, and should therefore be remanded to state court. The Court disagrees. According to a leading treatise on federal practice and procedure, "When state law is preempted by federal law, federal law controls. Any claim that is within a preempted area of law raises a federal question and is removable." *Federal Practice and Procedure* § 3722 at 242–43. In addition, if a plaintiff characterizes its "necessarily federal cause of action solely in state law terms …, the federal removal court will look beyond the letter of the complaint to the substance of the claim in order to assert jurisdiction." *Id.* § 3722 at 243; *see also* Wright & Miller, § 3722 at 32 & n. 15.1 (Supp.1991) (citing cases).

Furthermore, if the federal government has "completely preempted" an area of the law, the case is removable based on the

---

2. Timmy, also known as "Tiny Tim," is one of 302 lowland gorillas held in captivity. (Plaintiffs' Memorandum in Support of Temporary Restraining Order at 6 & n. 6 (citing *North American Regional Studbook of the Western Lowland Gorilla,* Jan. 1991)). Timmy is 33 years old and has been in captivity for nearly his entire life, most of which has been spent at the Cleveland Metroparks Zoo. (Defendants' Memorandum in Opposition to Motion for Temporary Restraining Order, at 4).

defense of preemption. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *see Gemcraft Homes, Inc. v. Sumurdy*, 688 F.Supp. 289 (E.D.Tex.1988). In *Gemcraft*, the court summarized the Supreme Court's decisions in this area as follows:

> Federal pre-emption of state claims is ordinarily a defense to plaintiff's suit and unable to support removal. *Metropolitan Life Insurance Co. [v. Taylor]*, 107 S.Ct. at 1546. However, "on occasion, the Supreme Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar, Inc. [v. Williams*, 482 U.S. 386], 107 S.Ct. 2425, 2430 [96 L.Ed.2d 318 (1987)] (quoting *Metropolitan Life Insurance Co.*, 107 S.Ct. at 1547). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *[Metropolitan Life,]* 107 S.Ct. at 1547.

688 F.Supp. at 292. Thus, in the present case, the Court must look beyond the literal statement of the plaintiffs' claims to determine if their claims are necessarily federal.

The Federal Endangered Species Act ("FESA"), 16 U.S.C. § 1531 *et seq.*, contains a subsection on preemption that provides in pertinent part:

**3.** It is noteworthy that § 1535(f) does not refer to any regulation "promulgated pursuant" to the Federal Endangered Species Act, but to any regulation "which implements" the chapter. Certainly, the regulations promulgated pursuant to the Animal Welfare Act governing the care, treatment and transportation of various animals, including endangered species and specifically the endangered species about which we are concerned in this case, implement the Federal Endangered Species Act as it governs commerce in such species.

**4.** In their oral argument, plaintiffs cited 16 U.S.C. § 1538(b) to support their contention that Timmy is not covered by the provisions of the Federal Endangered Species Act ("FESA"). That subsection provides, in relevant part:

> Any state law or regulation which applies with respect to the importation or exportation of, *or interstate or foreign commerce in, endangered species* is void to the extent that it may effectively (1) permit what is prohibited by this chapter or by any regulation which implements this chapter, or (2) prohibit what is authorized pursuant to an exemption or permit provided for in this chapter or in any regulation which implements this chapter....

16 U.S.C. § 1535(f) (emphasis supplied). In addition, the Animal Welfare Act ("AWA"), 7 U.S.C. § 2131 *et seq.*, and the regulations promulgated thereunder, *see* 9 C.F.R. §§ 3.75–3.91 (1991), contain specific provisions about the transportation of non-human primates. Read together, these statutes clearly demonstrate that federal law completely occupies the field of *interstate commerce in gorillas, an endangered species.* [3] The Court notes that the Animal Welfare Act does not, by itself, preempt state humane laws. However, as it is applied to endangered species—as it has been in this case by regulation, and specifically as it is by regulation of *this* endangered species—the AWA, in conjunction with the Endangered Species Act, clearly must be found to preempt any state laws which might be applied to attempt to regulate such commerce. At the heart of each of plaintiffs' claims is the interstate transportation of Timmy. Thus, the plaintiffs' claims are necessarily federal in nature. On that basis, the complaint was properly removed to this Court.[4]

> (1) The provisions of subsections (a)(1)(A) and (a)(1)(G) of this section shall not apply to any fish and wildlife which was held in captivity or in a controlled environment on (A) December 28, 1973, or (B) the date of the publication in the Federal Register of a final regulation adding such fish or wildlife species to any list published pursuant to subsection (c) of section 1553 of this title: *Provided,* That such holding and any subsequent holding or use of the fish or wildlife was not in the course of a commercial activity.

The subsections (a)(1)(A) and (a)(1)(G) do not relate in any way to the interstate transportation of an endangered species; thus, § 1538(b)(1) does not except Timmy from the provisions relating to such transportation. In addition, the proviso quoted above also appears to cover Timmy, since he is held by a zoo,

## III.  Is There a Federal Claim?

Since the Court has concluded that if any claim is to be brought with respect to the interstate transportation of Timmy it must be a federal claim, the next inquiry is whether the plaintiffs have stated, or could state, a federal claim.  If they have not, and could not, their complaint must be dismissed with prejudice.

### A.  Federal Endangered Species Act

■  The FESA provides for citizens' civil suits to enjoin any person who is alleged to be in violation of any provision of the Act or regulation thereunder.  16 U.S.C. § 1540(g)(1)(A).  Nevertheless, such causes of action are expressly limited by the provisions of § 1540(g)(2).  Under paragraph (2)(A), sixty days prior to the filing of any civil suit under paragraph (1)(A), the citizen plaintiffs must have given notice to the Secretary of the Interior and the alleged violator.  It does not appear that such notice was provided in this case.  Thus, even if the other requirements for a cause of action were met, the FESA claim would have to be dismissed.  *See Maine Audubon Society v. Purslow*, 672 F.Supp. 528 (D.Me.1987).[5]

Even if the notice requirement either had been satisfied, or were for some other reason inapplicable, plaintiffs have not even alleged, nor could they allege, that some provision of the FESA would be violated by the transportation of Timmy to New York.  Plaintiffs never so much as hinted at what provisions of the FESA might be violated here.

### B.  Animal Welfare Act

■  Plaintiffs could not state a cause of action under the AWA, since that statute does not provide for private suits to en-

force its terms.  *See International Primate Protection League v. Institute for Behavioral Research, Inc.*, 799 F.2d 934, 940 (4th Cir.1986), *cert. denied*, 481 U.S. 1004, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987).

## IV.  Amendment of the Complaint

The complaint in this matter raises claims in relation to commerce/transportation only, and any attempt to make it a case about humaneness for purposes of this motion is not well-grounded.  In any event, no state claim based on humaneness as it relates to interstate transportation of an endangered species can be raised, since, as noted more fully above, that field has been completely preempted by federal law.[6]  Thus, since amendment of the complaint would be futile, the possibility of amendment will not preclude dismissal of this suit.  *See Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir.1980); *see also Shearson/American Express, Inc. v. Mann*, 814 F.2d 301, 308 (6th Cir.1987).

## V.  Conclusion

For the foregoing reasons, the Court concludes that this case is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

---

which would qualify as a commercial activity.  Therefore, Timmy is not excepted from the statutory provisions of the FESA.

5.  Although some courts have held that the full sixty days were not required because some notice had been provided, *e.g., Sierra Club v. Block*, 614 F.Supp. 488 (D.D.C.1985), such cases are at least distinguishable, if not completely inapposite.

6.  Plaintiffs made it absolutely clear in their complaint, in their brief in support of the motion for a temporary restraining order, and at the hearing on this matter, that this case is about transporting Timmy to New York.  As such, it is clear that the only claims which plaintiffs could raise are claims relating to the interstate transportation of an endangered species.