John **TAVORMINA and Leslie Rohrer Tavormina, Plaintiffs,**

v.

**EVENING STAR PRODUCTIONS, INC., Rysher Entertainment, and Charles Chambers, Defendants.**

No. Civ.A. H–97–3980.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 27, 1998.

Chris Alan Stacy, Dry and Stacy, Houston, TX, Neal Elton Dry, Dry and Stacy, Houston, TX, Kristin Kittrell Tassin, Chris A. Stacy & Associates, Houston, TX, for Plaintiffs.

Douglas M. Selwyn, Pope Shoemake Selwyn Kerr & Hendershot, Houston, TX, Joseph M Gabriel, Beverly Hills, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

ATLAS, District Judge.

Plaintiffs John and Leslie Tavormina ("Plaintiffs") have brought this action against Defendants Evening Star Productions, Inc., Rysher Entertainment, and Charles Chambers ("Defendants") alleging fraud, breach of contract, quantum meruit, and unjust enrichment in connection with the making of the film "The Evening Star." Currently pending before the Court are Defendants Evening Star Productions' and Rysher Entertainment's Motion to Dismiss or Transfer [Doc. # 4] [1] and Plaintiffs' Motion to Remand [Doc. # 10]. The Court has considered these Motions, the responses and replies, all other matters of record in this case, and the relevant authorities. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED IN PART,** Plaintiffs' Motion to Remand is **GRANTED,** and Defendants' Motion to Transfer is **DENIED AS MOOT.**

## I. FACTUAL BACKGROUND

In 1995, Defendants entered negotiations with Plaintiffs to use Plaintiffs' home in Houston, Texas, as the setting for the film "The Evening Star," the sequel to the award-winning film "Terms of Endearment." Because Plaintiffs' home had been used as the setting for "Terms of Endearment," Defendants wanted to use that location as the setting for "The Evening Star" as well, in order to maintain continuity between the two films. *See* Plaintiffs' Original Petition ("Complaint"), Exhibit A to Notice of Removal [Doc. # 1], at 2.

Plaintiffs claim that Defendant Chambers, the Location Manager for the film's production, represented to them that they would be compensated by Defendants for the use of their home. This use was to include filming of the exterior of the house and access to the interior of the house for the purpose of taking photographs and measurements so that Defendants could construct a replica of the house's interior for filming interior scenes in Los Angeles. Plaintiffs claim that, in reliance on Chambers' alleged representations, Plaintiffs allowed Defendants access to their house. *See* Complaint, at 3.

According to Plaintiffs, Defendant Chambers repeatedly assured them that the parties would sign a written contract setting out the terms of their agreement. However, no such contract was ever signed. *See id.*

Defendants eventually did not use Plaintiffs' home as the setting for the film. Instead, Defendants used their photographs and measurements to build a replica of both the interior and exterior of Plaintiffs' home in another location and then used this replica for filming. *See id.* at 4. Defendants claim that they decided not to film Plaintiffs' home because some of Plaintiffs' neighbors objected to their filming in the neighborhood. *See*

---

1. Defendant Charles Chambers did not join in the Motion to Dismiss or Transfer.

Defendants' Brief in Opposition to Plaintiffs' Motion to Remand ("Response to Motion to Remand") [Doc. # 15], at 3. Plaintiffs received no compensation from Defendants.

Plaintiffs filed this action in state court, claiming that Defendants are liable to them for fraud, breach of contract, quantum meruit, and unjust enrichment. Defendants then removed the case to federal court on the ground that Plaintiffs' claims for breach of contract, quantum meruit, and unjust enrichment are preempted by federal copyright law and that this action is therefore removable under 28 U.S.C. § 1441(b). In their Motion to Remand, Plaintiffs deny that their claims are preempted by federal copyright law and urge this Court to remand the case to state court.

In their Motion to Dismiss, Defendants reiterate their argument that Plaintiffs' claims for breach of contract, unjust enrichment, and quantum meruit are preempted by federal copyright law and contend that these claims should therefore be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6). In response to this argument, Plaintiffs urge that, even if their state claims are preempted, the proper result is that the case be removed to federal court, not that their claims be dismissed.

In their Motion to Dismiss, Defendants also argue that Plaintiffs' fraud claim should be dismissed because Plaintiffs' Complaint did not plead fraud with the particularity required by Fed.R.Civ.P. 9(b).

## II. *MOTION TO REMAND*

### A. *Legal Standard*

■ Removal is proper if the federal district court has original jurisdiction over an action brought in state court. *See* 28 U.S.C. § 1441(a). In order to determine whether a case was properly removed to federal court on the basis of federal question jurisdiction, the Court must normally examine Plaintiff's claims under the well-pleaded complaint rule. *See Rivet v. Regions Bank of Louisiana,* —— U.S. ——, ——, 118 S.Ct. 921, 924, 139 L.Ed.2d 912 (1998); *Louisville & Nashville Ry. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet,* at 924 (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). *See also Leffall v. Dallas Independent School Dist.,* 28 F.3d 521, 525 (5th Cir.1994). Even if the factual predicate underlying a plaintiff's complaint could have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert only state law claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425.

■ In some cases, however, a federal statute may completely preempt a plaintiffs state law claim and thus render an action removable despite the plaintiffs efforts to keep the action in state court. The "complete preemption" doctrine is thus an exception to the well-pleaded complaint rule. Under the complete preemption doctrine, Congress may so completely preempt a particular field that any complaint raising claims in that field is necessarily federal in nature. *See Rivet,* at 924 ("[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law") (quoting *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

It is well established that federal courts have exclusive original jurisdiction over claims of copyright infringement, *see* 28 U.S.C. § 1338(a), and that the Federal Copyright Statute, 17 U.S.C. § 101, *et seq.,* (the "Copyright Act") completely preempts practically all state law causes of action falling within its scope. *See Daboub v. Gibbons,* 42 F.3d 285, 288 (5th Cir.1995); *Gemcraft Homes, Inc. v. Sumurdy,* 688 F.Supp. 289 (E.D.Tex.1988) (federal exclusivity of a copyright claim is so strong that an unstated copyright claim preempts explicitly worded state law claim). Thus, if any of Plaintiffs' claims fall within the scope of the Copyright Act, then those claims would be preempted,

would be federal in nature, and could serve as a basis for removal jurisdiction.[2]

If the Court determines that any of Plaintiffs' state law claims are preempted and thus that removal was proper, the Court may permit Plaintiffs to amend their Complaint to state a claim expressly under the Copyright Act. *See* Fed.R.Civ.P. 15(a) (leave to amend pleadings "shall be freely given when justice so requires"); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (the decision to grant leave to amend "lies within the sound discretion of the district court").

■ On the other hand, if the Court determines that none of Plaintiffs' state law claims are preempted, then there would be no federal question at issue and the Court could remand the case to state court.[3] Similarly, if the Court finds preemption and dismisses the preempted state law claims[4] but Plaintiffs choose not to amend their Complaint to state an express federal claim under the Copyright Act, then the Court could also remand the case to state court.

In the case at bar, the parties disagree about whether Plaintiffs' state law causes of action fall within the scope of the federal Copyright Act and thus are preempted.

### B. *Federal Copyright Act Preemption*

■ In deciding whether a state law cause of action is preempted by the Copyright Act, courts follow a two-step test. "First, the cause of action is examined to determine if it falls 'within the subject matter of copyright.' Second, the cause of action is examined to determine if it protects rights that are 'equivalent' to any of the exclusive rights of federal copyright, as provided in 17 U.S.C. § 106." *Daboub*, 42 F.3d at 289 (interpreting § 301(a), the preemption provision of the Copyright Act).[5]

■ Sections 102 and 103 of the Copyright Act determine the first step of this test: whether a cause of action is "within the subject matter of copyright." *See* § 301(a); *Daboub*, 42 F.3d at 288–89 n. 4; *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir.1985). In the case at bar, the parties do not appear to dispute that Plaintiffs' claims regarding Defendants' use of their house is "within the subject matter of copyright" under § 102(a)(8). This section provides that "[c]opyright protection subsists" in "works of authorship" which includes the category of "architectural works." § 102(a)(8).[6]

■ The parties' main dispute in this case relate to the second step of the preemption test: whether Plaintiffs' state law causes of action are " 'equivalent' to any of the exclusive rights of federal copyright, as provided in 17 U.S.C. § 106." *Daboub*, 42 F.3d at 289. The exclusive rights provided by § 106 include the right by a holder of a copyright "to reproduce, distribute, perform, and display the copyrighted work." *Id.* A state law cause of action is "equivalent" to any of these

2. The Court could also retain jurisdiction over Plaintiffs' non-preempted state law claims under its power of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *Kramer v. Smith Barney*, 80 F.3d 1080, 1083 n. 1 & 1086 (5th Cir.1996).

3. When all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims. *See Hubbard v. Blue Cross & Blue Shield*, 42 F.3d 942, 947 (5th Cir.1995).

4. *See infra* Section III.

5. Section 301(a) provides that:

On and after January 1, 1978, all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

6. Prior to 1990, architectural plans and drawings were protected by the Copyright Act, but there was no copyright protection for architectural structures unless they could qualify as works of art. *See Richmond Homes Management, Inc. v. Raintree, Inc.*, 862 F.Supp. 1517, 1524 (W.D.Va. 1994), *rev'd in part on other grounds*, 66 F.3d 316, 1995 WL 551274 (4th Cir.1995). In 1990, however, Congress enacted the Architectural Works Copyright Protection Act, which brought architectural structures within the definition of "architectural works" protected by the Copyright Act in § 102(a)(8). *See id.* at 1524–25; Raphael Winick, *Copyright Protection for Architecture After the Architectural Works Copyright Protection Act of 1990*, 41 Duke L.J. 1598 (June, 1992).

rights if "the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990). Put another way, a state law cause of action is "equivalent" to any of these rights if " '[t]he elements in plaintiff's [state law action] involve elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act.' " *Daboub*, 42 F.3d at 290 (quoting *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 850 (D.Mass.1986)).

Defendants argue that Plaintiffs' claims for breach of contract, quantum meruit, and unjust enrichment are equivalent to the exclusive rights of federal copyright, and thus are preempted by the Copyright Act, because each of these claims is based upon the same core theory that Defendants wrongfully copied Plaintiffs' house and used that copy in their film without compensating Plaintiffs.

■ The Court agrees with Defendants that Plaintiffs' claim for unjust enrichment is preempted because it involves the same conduct that would fall under the scope of the Copyright Act. In this claim, Plaintiffs allege that Defendants should not benefit from reproducing and displaying their house in the film without compensating Plaintiffs or obtaining Plaintiffs' permission. This claim thus invokes the same rights that Plaintiffs would invoke under a cause of action for copyright infringement. *See Daboub*, 42 F.3d at 289 (musical group's state law claims against another musical group for conversion, misappropriation, plagiarism, violation of a state antitrust statute, disparagement, and defamation in connection with defendant's copying plaintiff's song were preempted because they attempted to invoke same rights as would a copyright infringement claim); *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir.1987) (state law claim for unjust enrichment was preempted because "promise not to use or copy materials within the subject matter of

copyright is equivalent to the protection provided by section 106 of the Copyright Act"); *Cassway v. Chelsea Historic Properties I, L.P.*, 1993 WL 64633 (E.D.Pa. Mar. 4, 1993) (state law claim for unjust enrichment was preempted because copying drawings was underlying element for both the copyright cause of action and unjust enrichment); *Kunycia v. Melville Realty Co.*, 755 F.Supp. 566, 576–77 (S.D.N.Y.1990) (same).[7]

However, Plaintiffs' claim for breach of contract is only partially preempted, and Plaintiffs' quantum meruit claim is not preempted at all because these claims are based upon conduct other than that which would be covered under the Copyright Act.

■ Plaintiffs' breach of contract claim is based upon allegations both that Defendants displayed a copy of their house in the film without compensating Plaintiffs and also upon such allegations as that Defendants failed to compensate Plaintiffs, as promised, for their time and inconvenience in allowing Defendants' employees access inside their house in order to take measurements and photographs and that Defendants broke their promise to sign a written contract setting forth the terms of their arrangement. The Court concludes that Plaintiffs' breach of contract claim is preempted only to the extent that it is based upon the same types of allegations that would support a claim of copyright infringement. That is to say that the claim is preempted insofar as Plaintiffs allege that Defendants breached their contract by not compensating Plaintiffs for displaying a copy of their house in the film. However, since Plaintiffs' breach of contract claim also includes broader allegations, beyond Defendants' mere copying and display of Plaintiffs' house, this claim is not fully preempted. *See Taquino*, 893 F.2d at 1501 (breach of contract claim was not preempted by federal copyright law because it "involve[d] an element in addition to mere reproduction, distribution or display").

---

7. It is especially clear that Plaintiffs claim of unjust enrichment is preempted by the Copyright Act because the damages that would flow from this claim would be the same damages Plaintiffs would seek for copyright infringement, namely Defendants' profits from their film to the extent they are attributable to Defendants' display of the

copy of Plaintiffs' house in the film. *See Ehat*, 780 F.2d at 878–79 (finding preemption where damages awarded under state law claim "flows from the reproduction of the material rather than from its physical taking"). By making this observation, this Court does not mean to imply that any such theory could in fact be proven.

In their quantum meruit claim, Plaintiffs contend that, to the extent that there was no oral contract between the parties, Plaintiffs should nevertheless be compensated for their time and inconvenience because they did in fact allow Defendants access into their house. This claim is entirely distinct from the rights that would be protected by federal copyright law and is therefore not preempted.

### C. Conclusion as to Remand

For the reasons discussed in the previous sections, the Court concludes that its decision regarding remand hinges on Plaintiffs' decision of whether or not to amend their complaint to state an express federal claim for copyright infringement. At the pretrial conference held on February 27, 1998, Plaintiffs' counsel expressly stated that Plaintiffs do not want to amend their complaint to state a copyright infringement claim.[8] Since Plaintiffs have chosen not to add this cause of action, the Court will dismiss Plaintiffs' claim for unjust enrichment and their claim for breach of contract to the extent that the Court has determined that the breach of contract claim is preempted. Because the preempted claims are dismissed, as discussed in the next section, there is no federal question remaining in the case, and the Court will remand the action to state court.

## III. MOTION TO DISMISS

In their Motion to Dismiss, Defendants argue that Plaintiffs' claims for breach of contract, unjust enrichment, and quantum meruit should be dismissed because they are preempted by federal copyright law and because Plaintiffs have not asserted an express claim under federal copyright law. In response, Plaintiffs argue that, even if these claims are preempted by federal copyright law, the proper remedy is not dismissal but instead for the case to proceed in federal court.

For the reasons described in the previous section, the Court concludes that Plaintiffs' claim for unjust enrichment is preempted entirely by the federal Copyright Act and Plaintiffs' breach of contract claim is preempted insofar as Plaintiffs allege that Defendants breached a contract by not compensating Plaintiffs for displaying a copy of their house in Defendants' film. The Court therefore dismisses Plaintiffs' unjust enrichment claim in full and their breach of contract claim in part. *See Daboub,* 42 F.3d at 288–90 (affirming dismissal of preempted state law claims). The Court does not dismiss Plaintiffs' quantum meruit claim because it is not preempted by federal copyright law.

The Court rejects Plaintiffs' contention that dismissal of these claims is not warranted simply because the case is now in federal court. Plaintiffs are correct that the bases for these preempted claims, along with the non-preempted claims, could remain in federal court, but only if Plaintiffs had chosen to amend their complaint to substitute a claim of copyright infringement for the preempted state law claims.[9]

## IV. MOTION TO TRANSFER

Because the Court is remanding the case to state court on the ground that there is now no federal question subject matter jurisdiction, the Court need not reach Defendants' Motion to Transfer. This Motion is therefore denied as moot.

8. This decision appears to be wise because the Court seriously doubts that Plaintiffs could succeed on a claim of copyright infringement. There is no evidence in the record as to whether Plaintiffs' home is a protected work under the Copyright Act and, if so, whether Plaintiffs own that copyright. Even if Plaintiffs' home is a protected work, Plaintiffs do not necessarily own the copyright to their home simply because they own their home. *See* 17 U.S.C. § 202 ("Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from owner-

ship of any material object in which the work is embodied. Transfer of ownership of any material object . . . in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object").

9. Because the Court is remanding the case to state court on the ground that there is now no federal question subject matter jurisdiction, the Court need not reach Defendants' request to dismiss Plaintiffs' fraud claim. This issue can be handled by the state court.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion Under Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss for Failure to State a Claim [Doc. # 4] is **GRANTED IN PART** in accordance with this Memorandum Opinion and Order. Plaintiffs' claim for unjust enrichment is dismissed; Plaintiffs' claims for breach of contract is dismissed only insofar as Plaintiffs allege that Defendants breached their contract by not compensating Plaintiffs for displaying a copy of their house in Defendants' film; Plaintiffs' claims for quantum meruit and fraud are not dismissed. It is further

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 10] is **GRANTED.** It is further

**ORDERED** that this case is **REMANDED** to the District Court of Harris County, Texas, 281st Judicial District, as cause No. 97–53949. It is further

**ORDERED** that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Doc. # 4] is **DENIED AS MOOT.**